**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| Gary D. Grant, | ) | Civil Action No. 9:20-1582-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Bull Point Plantation Property Owners Association, Inc.; Bull Point Plantation Property Owners Association; Bull Point Plantation Owners Association, Inc.; Bull Point, LLC; Bull Point SC, LLC; DB Aster, LLC; German American Capital Corporation; GSI, LLC; and William E. Gavigan, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") (Dkt. No. 63) recommending that the Court grant Bull Point Plantation Property Owners Association, Inc.'s ("BPPOA") amended motion to dismiss (Dkt. No. 51) and deny as moot Plaintiff's motion for a preliminary injunction (Dkt. No. 22), BPPOA's original motion to dismiss (Dkt. No. 24), and Defendant DB Aster, LLC's and German American Capital Corporation's joint motion to dismiss (Dkt. No. 40). For the reasons set forth below, the Court adopts the R & R as the order of the Court.

**I.    Background**

Plaintiff owns an unimproved lot in Bull Point Plantation, a subdivision in Seabrook, South Carolina. The lot is subject to certain restrictions and covenants and lot owners are required to pay assessment fees to the owners' association. Plaintiff failed to pay the 2020 property assessment because he believes his lot is exempt under the association's declaration of covenants. BPPOA sent Plaintiff a demand letter for the overdue fees, and Plaintiff initiated this

-1-

action seeking a declaration that his property is not subject to the restrictions or assessment requirements. (Dkt. No. 39.) BPPOA here moves to dismiss the action as outside this Court's subject matter jurisdiction.

## II.     Legal Standard

### A.     Review of the R & R

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### B.     Motion to Dismiss for Lack of Subject Matter Jurisdiction

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss an action for lack of subject matter jurisdiction. When presented with a 12(b)(1) motion, the Court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (determination of subject-matter jurisdiction "may be based on the court's review of the evidence"). "The court

may dismiss a case for lack of subject matter jurisdiction on any of the following bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Friends of Dereef Park v. Nat'l Park Serv.*, No. 2:13-cv-03453-DCN, 2015 WL 12807782, at *4 (D.S.C. Apr. 13, 2015) (internal citations omitted). The plaintiff has the burden of proving that subject-matter jurisdiction exists. *See Evans v. B.F. Perkins Co., a Div. of Standex Intern. Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).

**III.    Discussion**

Liberally construing Plaintiff's *pro se* pleading, *Estell v. Gamble*, 429 U.S. 97, 106 (1976), and in light of his objections to the R & R (Dkt. No. 66), the Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that this Court lacks subject matter jurisdiction.

Plaintiff brought suit in federal court on the basis of diversity jurisdiction, which requires complete diversity of citizenship among the parties and over $75,000 in controversy. 28 U.S.C. § 1332(a). The test to determine the amount in controversy is the "either viewpoint rule," which considers "the pecuniary result to either party which [a] judgment would produce." *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002). The amount in controversy is satisfied if "the direct pecuniary value of the right that a plaintiff seeks to enforce or the cost of the defendant's compliance with the prospective equitable relief" exceeds $75,000. *Lee v. Citimortgage, Inc.*, 739 F. Supp. 2d 940, 946 (E.D. Va. 2010). A plaintiff asserting federal jurisdiction has the burden of proving to a "legal certainty" that the claim satisfies the jurisdictional amount. *Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir. 1995).

Here, Plaintiff seeks a declaration that his property is categorized as an "Additional Property" under the association's declaration of covenants and, therefore, not subject to the

annual assessment fee. (Dkt. No. 38 at 2.) The past-due fees at issue are at most $10,032.12. (Dkt. No. 38 ¶ 61.)[1] Plaintiff now argues that the amount in controversy is $140,000—the estimated value of the property if foreclosed on by BPPOA. (Dkt. No. 34 at 7.) In a declaratory judgment action, the amount in controversy is the "value of the object of the litigation." *Toler v. State Farm Mut. Auto. Ins. Co.*, 25 Fed. Appx. 141, 143 (4th Cir. 2001) (internal quotation marks omitted). The object of this litigation, as proscribed by the pleading's robust discussion of the assessment requirement, is a $10,000 fee. Similarly, as the Magistrate Judge points out, no foreclosure action has been initiated against the property. *See Pres. Forest LLC v. Nationwide Gen. Ins. Co.*, No. 3:19-cv-0634-DSC, 2020 WL 355065, at *2 (W.D.N.C. Jan. 21, 2020) (noting that "potential future damages are too speculative to establish the amount in controversy"). Plaintiff has therefore not met his burden of demonstrating that over $75,000 is in controversy for this Court to have jurisdiction over the action. The Court, therefore, adopts the Magistrate Judge's recommendation to grant BPPOA's motion to dismiss.

## IV.    Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 63) as the order of the Court. BPPOA's motion to dismiss (Dkt. No. 51) is **GRANTED** and this action is dismissed in its entirety. Plaintiff's motion for a preliminary injunction (Dkt. No. 22), BPPOA's initial motion to dismiss (Dkt. No. 24), and the motion to dismiss brought by DB Aster LLC and German American Capital Corporation (Dkt. No. 40) are each **DENIED AS MOOT**.

**AND IT IS SO ORDERED.**

September 24, 2020  
Charleston, South Carolina

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

---

[1] The amended complaint alleges that the past-due fees are one third of $10,034.12. (Dkt. No. 38 ¶ 61.)